IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No. 3:15-CR-432-M-11   (BT) |
| | § | |
| CORRIE DUDLEY, #28056-045 | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 21, 2020, Defendant Corrie Dudley filed a *pro se Emergency Motion for Reduction of Sentence to Serve on Home Confinement under 18 U.S.C. § 3582(c)(1)(A)*. Mot. (ECF No. 1380). Upon review of the relevant pleadings and applicable law, the Court should deny the motion.

I.

Dudley pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. On June 16, 2017, the district court sentenced her to 97 months' imprisonment with 13 months to run concurrently with a state sentence from Dallas County, Texas in cause number F-1459024, and 84 months to run consecutively to a federal sentence from the Western District of Missouri in cause number 4:15-CR-00083.

Dudley now seeks a reduction in her sentence under 18 U.S.C. § 3582(c)(1)(A) and release to home confinement because of her concerns about the COVID-19 pandemic. Dudley states she has asthma, that social distancing is not possible in her prison, and that her prison lacks quarantine areas. She also states

she is a non-violent, minimum security prisoner who has completed rehabilitation programs and has maintained a clear conduct record.

According to the BOP's website, Dudley is 42 years of age, has a projected release date of July 23, 2026, and is presently confined at the Greenville Federal Correctional Institution Camp in Greenville, Illinois. As of April 29, 2020, no inmates or staff have tested positive for COVID-19 at the Greenville FCI.[1]

On April 28, 2020, the government filed a response to the motion arguing Dudley failed to exhaust her administrative remedies, and that her motion is without merit. (ECF No. 1383). Dudley alleges she submitted her request for relief to prison officials stating, "I have sent a request to the Warden, camp administrator and to my case manager which have yet to be answered." Mot. at 3. She also claims she may suffer irreparable harm if she is required to exhaust her administrative remedies because the "administrative process is tedious and long," and "while on lockdown we don't have any access to proper forms, copy machines, or the program statement which are imperative to file remedies." *Id.* at 4.

Upon review, the Court concludes that Dudley does not present unique circumstances that justify relaxing the administrative exhaustion requirement. Thus, her motion for a reduction in sentence should be denied at this time.

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed April 29, 2020).

II.

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

A.

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion in federal court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier" (emphasis added)). The United States Court of Appeals for the Third Circuit recently characterized this requirement as "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). But some judges have since "concluded that [the Section 3582(c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *See Valentine v. Collier*, ___ F.3d ___, No. 20-20207, 2020 WL 1934431, at *8 (5th Cir. Apr. 22, 2020) (Higginson, J., concurring) (collected authority omitted); *see also United States v. Lee*, No. 3:07-CR-289-M-2, Crim. Doc. 1950 at 9 (N.D. Tex. Apr. 23, 2020) (Lynn, CJ.) (delaying implementation of judgment for administrative remedies because of the defendant's "preexisting medical conditions—asthma, bronchitis, and hypertension—and his recent hospitalization for breathing complications, combined with the rapid spread of COVID-19 at FCI Oakdale").

     Here, Dudley offers no proof that she exhausted all her administrative remedies. While she states she submitted a request to the warden, camp administrator and her case manager, she does not state when she submitted her request. She also failed to provide specific factual information unique to her own

circumstances or to her asthma condition sufficient to justify relaxing the exhaustion requirement in light of the COVID-19 pandemic. Therefore, under these circumstances, the BOP should have the first opportunity to address Dudley's request for compassionate release based on the COVID-19 pandemic.

B.

The policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—has not been amended since the First Step Act expanded who may move for compassionate release under Section 3582(c)(1)(A).[2] In *Lee*, the district court recently concluded that it should consider Section 1B1.13 and apply its discretion when considering a Section 3582(c)(1)(A) motion in light of the COVID-19 pandemic. No. 3:07-CR-289-M, Crim. Doc. 1950 at 7 (citing *United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2 (W.D. Tex. Oct. 10, 2019)). The Court further stated:

> Section 1B.1.13 "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *Muniz*, 2020 WL 1540325, at *1 (citing U.S.S.G. § 1B.13(1)(A) & cmt. n.1). "Among these are the 'medical condition of the defendant,' including where the defendant is 'suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1). "The policy statement also requires that the defendant not pose a danger to the safety of the community." *Id.* (citing U.S.S.G. § 1B1.13(2)).

---

[2] It is unlikely that the Sentencing Commission's policies will be updated any time soon as there are currently an insufficient number of voting commissioners. *See, e.g., United States v. Cantu*, 423 F. Supp. 3d 345, 348 & n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-CR-0758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020).

*Lee*, No. 3:07-CR-289-M (ECF 1950 at 7).

Even when liberally construed, Dudley's motion plainly fails to identify extraordinary or compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement. While she generally mentions that she has asthma, she does not present any unique circumstances that would suffice to show extraordinary and compelling reasons for compassionate release. Moreover, general concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A). *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Thus, Dudley's motion for relief under Section 3582(c)(1)(A) should be denied without prejudice.

### III.

Dudley's request for release to home confinement likewise fails. Only the BOP has the discretion to place prisoners on home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 389 n. 6 (5th Cir. 1995) (declining to consider a defendant's request for home confinement "because such requests are properly directed to the Bureau of Prisons") (citing 18 U.S.C. § 3624(c), which provides that the BOP has authority to "place a prisoner in home confinement")). Further, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, enacted on March 27,

6

2020, and the Memoranda of the Attorney General to the BOP Director, dated March 26 and April 3, 2020, do not provide the courts statutory authority to modify a defendant's place of incarceration. As a judge of this Court recently concluded, "the CARES Act and the memoranda issued by the Attorney General both instruct and expand the authority of the Director of the BOP, not courts, to release 'the most vu[l]nerable inmates at the most affected facilities.'" *See United States v. Stigger*, No. 3:12-CR-054-L, Crim. Doc. 1129 at 3-4 (N.D. Tex. Apr. 13, 2020) (Lindsay, J.) (denying post-conviction motion for home confinement due to COVID-19 and finding that the BOP is in the best position to determine: (1) whether Defendant qualifies as one of the most vulnerable inmates based on [the inmate's] current health; and (2) whether the facility where [the inmate] is currently confined is one of the "most affected facilities").

IV.

The Court recommends that the motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) be denied without prejudice and that the motion for home confinement be denied.

Signed April 30, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).